# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JUAN DARIO OSORIO MONSALVE, **on their own behalf and on behalf of those similarly situated,** <br><br> Plaintiffs, <br><br> v. <br><br> J&I CORDON ELECTRIC, LLC. and OSCAR CORDON, Individually. <br><br> Defendants. | JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES
## (Collective Action Complaint)

COMES NOW, Plaintiff, JUAN DARIO OSORIO MONSALVE ("OSORIO") on their own behalf and on behalf of those similarly situated (collectively as "Plaintiffs"), who were employees of Defendants, J&I CORDON ELECTRIC, LLC. and OSCAR CORDON, Individually (or "Defendants"), and brings this complaint in support for an action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

1

# **INTRODUCTION**

1.

Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2.

The Fair Labor Standards Act was passed in 1938. Its principal purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3.

Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4.

The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce,

that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5.

To the extent any partial payments have been made by Defendants to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6.

The Defendants in this case, a full service electrical contracting company, and its owners, violated the FLSA by failing to pay Plaintiffs and other similarly-situated Electricians, time and one half for all of their hours worked over forty (40) each week.

7.

This action is intended to include each and every employee falling within the position titles above who worked for Defendants at any location, at any time within the past three (3) years.

## **PARTIES**

8.

Plaintiffs, and those similarly situated individuals ("class members"), earned an hourly wage on behalf of Defendants.

9.

Plaintiff, OSORIO was employed by Defendants as an Electrician from on or around October 2, 2023, through in or around mid-December 2023.

10.

Plaintiffs are employees of Defendants, as defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

11.

Plaintiffs performed non-exempt labor for Defendants within the last three (3) years.

12.

Defendants employed Plaintiffs during the relevant time period.

13.

During the relevant time period, Plaintiffs worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

14.

Defendants are a municipal employer engaged in interstate commerce, and its gross revenues exceed $500,000.00 per year.

15.

Defendants are classified as an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

16.

During Plaintiffs' employment with Defendants, Defendants employed two (2) or more employees which handled goods, materials, and supplied which travelled in interstate commerce.

17.

Defendants are governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

18.

Defendant J&I Cordon Electric, LLC. may be served at its office address, 2996 Lawrenceville Hwy, Lawrenceville, Georgia 30044. Defendant Oscar cordon may also be served at 2996 Lawrenceville Hwy, Lawrenceville, Georgia 30044.

## **JURISDICTION AND VENUE**

19.

This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

20.

Defendants, conduct business in Gwinnett County, Georgia, therefore venue is proper in the Northern District of Georgia Atlanta Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## **COVERAGE**

21.

At all material times during the last three years, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

22.

At all material times during the last three years, Defendants were an employer as defined by 29 U.S.C. § 203(d).

23.

At all times relevant to this action, Oscar Cordon is an individual resident of the State of Georgia who owns and operates, and who regularly exercised the co-authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of J&I Cordon Electric, LLC.

By virtue of having regularly exercised that authority on behalf of J&I Cordon Electric, LLC., is an employer as defined by 29 U.S.C. § 201, et seq.

24.

At all material times during the last three years, Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

25.

At all material times during the last three years, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the Defendant had two or more employees:

      a. Engaged in commerce; or

      b. Engaged in the production of goods for commerce; or

      c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, telephones, equipment and/or office supplies).

## **FACTUAL ALLEGATIONS**

26.

Plaintiff Osorio was provided with a schedule regarding the hours he was required to work.

27.

Plaintiff Osorio's schedule was as follows: Monday – Thursday 10 hours a day, and Friday and Saturday 8 hours a day.

28.

Plaintiff Osorio would also work on Sunday, typically 8 hours.

29.

Defendants also provided Plaintiff Osorio with tools to perform his job duties.

30.

Plaintiff Osorio complained to Defendant Oscar Cordon on several occasions about not being paid correctly.

31.

Defendant Oscar Cordon responded by saying, "We don't pay overtime here."

32.

In or around mid-December 2023, Plaintiff Osorio's employment was terminated.

33.

Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff, and those similarly situated to him, overtime compensation at a rate of time and a half of their regular rate of pay for hours worked over forty (40) in a workweek.

34.

Upon information and belief, Defendants have a company-wide policy of failing to Plaintiff and other similarly situated employees proper overtime compensation for all of their overtime hours worked.

35.

Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and those similarly situated to him.

36.

Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

37.

Defendants have acted willfully in failing to pay Plaintiff, and those similarly situated to him, in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION
### (Violation of FLSA Overtime Requirements)

38.

Plaintiff reincorporates and readopt all allegations contained within Paragraphs 1-37 above.

39.

Plaintiff, and those similarly situated to him, are/were entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek.

40.

During their employment with Defendants, Plaintiff, and those similarly situated to him, regularly worked overtime hours but were not paid time and one-half compensation for same.

41.

As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or

more workweeks, Plaintiff, and those similarly situated to him, have suffered damages, plus incurring reasonable attorneys' fees and costs.

42.

As a result of Defendants' willful violation of the FLSA, Plaintiff, and those similarly situated to him are entitled to liquidated damages.

43.

Plaintiffs are entitled to recover their attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs, and those similarly situated employees, demand judgment against Defendants for:

    a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

    b) The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by him/them for which Defendants did not properly compensate him/them;

    c) Liquidated damages;

    d) Reasonable attorneys' fees and costs incurred in this action;

e) Pre- and post-judgment interest as provided by law;

f) Trial by jury on all issues so triable;

g) Any and all further relief that this Court determines to be appropriate.

Respectfully submitted the 4th day of March, 2025.

                                Respectfully submitted,

                                /s/ Jeremy Stephens
                                Jeremy Stephens, Esq.
                                Ga. Bar No.: 702063
                                **MORGAN & MORGAN, P.A.**
                                191 Peachtree Street, N.E., Suite 4200
                                Post Office Box 57007
                                Atlanta, Georgia 30343-1007
                                Tel:   (404) 965-1682
                                Email: jstephens@forthepeople.com